IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES OF AMERICA )
)
Plaintiff, )
)
)
vs. ) Case No.: 2:06cr64-MHT
)
)
MARQUISE ANTOINE REYNOLDS )
)
Defendant. )

### DEFENDANT'S MOTION FOR SUPPRESSION OF EVIDENCE

**COMES NOW**, Defendant Marqise Antione Reynolds, by and through undersigned counsel and move this Honorable Court, to suppress certain evidence pertaining to the facts and circumstances that form the underlying basis of the indictment to the offenses in the above-styled cause. In support thereof, defendant shows the court as follows:

### ISSUES PRESENTED

1. Whether police search of the defendant's person was constitutionally permissible where there was no reasonable belief that he was involved in any criminal activity or that he was armed or dangerous.

### FACTUAL BACKGROUND

On or about March 1, 2006 the government filed a grand jury indictment against the defendant alleging four counts of violation of Title 21 U.S.C. Section 841(a)(1), 844(a), 846 and 18 U.S.C. 924(c)(1)(A) (2), to wit that the defendant, on or about July 1, 2005, engaged in a conspiracy to possess with intent to distribute 500 or more grams of "cocaine powder"; that he "knowingly aided or abetted" with the possess with intent to distribute "cocaine powder"; that he possessed marijuana; and that he knowingly used and carry several guns, "during and in relation

to a drug trafficking offense as charged in Count I" of the indictment and that he "did possess said firearms in furtherance of a drug trafficking offense as charged in Count I" of the indictment. Said indictment was superseded on or about April 5, 2006, with the superseding indictment not changing anything substantively regarding the defendant as charged.

2. The defendant believes that the government, by and through the United States Attorney for the Middle District of Alabama, will attempt to introduce at trial certain evidence obtained by the law enforcement officer who investigated the alleged criminal conduct and who submitted the case for prosecution to the United States Attorney's Office for the Middle District of Alabama, namely Detective P. B. Hayes and Cpl. K.C. Bentley of the Montgomery Police Department Special Operations Narcotics Division Tactical Bureau.

3. The facts as contended by the government are that on July 1, 2005, members of Montgomery Police Department Special Operations Narcotics Division Tactical Bureau executed a drug search warrant at 742 Iris Lane, Montgomery, Alabama upon being advised by "a confidential source referred to a "A"" upon representation by said "A" that "on July 1, 1005 he/she had observed an unknown black male subject purchased approximately 8 ounces of cocaine from a B/M known to "A" as "Boogaloo". *See, Defendant's Exhibit 1,* "Montgomery Police Department Narcotics and Intelligence Bureau Supplemental Offense Report." During the search of the residence, the defendant was one of two persons present and upon apprehension he was searched and "a quantity of marijuana was located on his person". *Id.*

4. Defendant submits that there is a legal issue of whether the government may lawfully introduce as evidence, the "quantity of marijuana" found in his person, specifically his pants pocket, because said Cpl. K.C. Bentley violated his Fourth Amendment rights and/or other rights guaranteed to him by the United States Constitution, the laws of the United States.

Defendant Reynolds contends that the search of his person was not constitutionally permissible as there was no reasonable belief that he was involved in any criminal activity or that he was armed or dangerous.

## LEGAL ANALYSIS

5.  Defendant submits that the search of his person was not constitutionally permissible as there was no reasonable belief that he was involved in any criminal activity or that he was armed or dangerous.  He was not identified by the government's confidential source as the black male engaged in drug transaction with "Boogaloo".  In fact it appears that the defendant just happened to be visiting the residence at the time of execution of the search warrant and it so happened that he was in possession of personal use marijuana.  The government's evidence as recited in the Supplemental Offense Report, attached hereto as *Defendant's Exhibit 1,* articulates that the search of the defendant's person was merely "incident to arrest by Cpl. K.C. Bentley #1079".  However, the defendant was not named or otherwise identified as being engaged in any criminal activity with the co-defendant at the residence.  Indeed, the defendant was not identified as having been armed and/or dangerous upon apprehension by law enforcement at the residence nor is it contended that was he frisked by Cpl. Bentley who felt something that he feared was a weapon. *Defendant's Exhibit 1* contains no articulated purpose for the search of the defendant's person other than his presence at the residence.  The evidence suggests that Cpl. Bentley had no knowledge that the defendant possessed personal use marijuana in his pocket upon his apprehension or before he searched his person.  Moreover, he articulated no reason to search his person or even to frisk ("pat-down") him for his own safety.  Summarily, the government's case lacks any evidence that the agents or police officers had any information linking the defendant to his co-defendant or any criminal conduct or illegal narcotics prior to

their arrival at 742 Iris Lane, Montgomery, Alabama to execute the search warrant.

6. On the authority of *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338 (1979) and *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889 (1968) the defendant moves to suppress the marijuana found from the search of his person. Defendant submits that the instant case, as in *Ybarra*, although a search warrant, issued upon probable cause, gave the police authority to search the residence at 742 Iris Lane, Montgomery, Alabama, the search of his person was not constitutionally permissible where he just happened to be visiting the residence at the time the search warrant was executed and the police officers has no reasonable belief that he was involved in any criminal activity or that he was armed or dangerous. Accordingly, the search and seizure of what was in his pocket, specifically personal use marijuana contravened the Fourth Amendment. A person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889 (1968). Indeed, the Fourth Amendments directs that "no Warrants shall issue, but upon probable cause . . . and particularly describing the place to be searched, and the persons or things to be seized." Thus, "open-ended" or "general" warrants are constitutionally prohibited. *See Lo-Ji Sales, Inc., v. New York*, 442 U.S. 319 (1979) ; *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 311 (1978); *United States v. Chadwick*, 433 U.S. 1, 7 -8 (1977); *Stanford v. Texas*, 379 U.S. 476 480-482 (1965). It follows that a warrant to search a place cannot normally be construed to authorize a search of each individual in that place. *Id.*

**WHEREFORE, PREMISES CONSIDERED**, defendant moves this Honorable Court to enter an order suppressing the evidence obtained and intended to be used by the United States of America against the defendant or otherwise conduct an evidentiary hearing as to whether the search of the defendant's person was lawful and whether its fruits are due to be suppressed.

Respectfully submitted,

_____
Amardo Wesley Pitters, Esquire
Attorney for the Defendant
Alabama State Bar No.: 8989-T64A

**OF COUNSEL:**

*A. WESLEY PITTERS, P.C.*
1145 South Perry Street (36104)
Post Office Box 1973
Montgomery, Alabama 36102-1973
Telephone: (334) 265-3333
Telecopier: (334) 265-3411
Email: awpitters@pitterslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___3___ day of May, 2006, a copy of the foregoing was duly served upon the following:

      Hon. A. Clark Morris
      Assistant United States Attorney
      Office of the United States Attorney
      Criminal Division
      Middle District of Alabama
      Post Office Box 197
      Montgomery, Alabama 36101-0197

via United States Postal Service.

_____
Amardo Wesley Pitters, Esquire