IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
APR - 5 2006
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:06-cr-64-MHT |
| ) | [21 USC 846, |
| DEANDRA TWAIN LEWIS, and ) | 21 USC 841(a)(1), |
| MARQUISE ANTOINE REYNOLDS ) | 21 USC 844(a) |
| ) | 18 USC 924(c)(1)(A) and 2] |
| ) | |
| ) | **SUPERSEDING INDICTMENT** |

The Grand Jury charges that:

### COUNT 1

On or about the 1st day of July, 2005, in Montgomery County, within the Middle District of Alabama, the defendants,

**DEANDRA TWAIN LEWIS, and
MARQUISE ANTOINE REYNOLDS,**

did knowingly and intentionally conspire, combine and agree with each other to possess with intent to distribute five hundred (500) grams or more of cocaine hydrochloride, more commonly referred to as "cocaine powder," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846.

### COUNT 2

On or about the 1st day of July, 2005, in Montgomery County, within the Middle District of Alabama, the defendants,

**DEANDRA TWAIN LEWIS, and
MARQUISE ANTOINE REYNOLDS,**

each aided and abetted by the other, did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable

1

amount of cocaine hydrochloride, more commonly referred to as "cocaine powder," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT 3

On or about the 1st day of July, 2005, in Montgomery County, within the Middle District of Alabama, the defendant,

MARQUISE ANTOINE REYNOLDS,

did knowingly and intentionally possess marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 844(a).

### COUNT 4

On or about the 1st day of July, 2005, in Montgomery County, within the Middle District of Alabama, the defendants,

DEANDRA TWAIN LEWIS, and
MARQUISE ANTOINE REYNOLDS,

did knowingly use and carry a Smith and Wesson 38 Special revolver, bearing serial number BSC2766; a Hi-Point .9mm semi-automatic handgun, bearing serial number P159268; and a Independent Arms 38 Special, bearing serial number 053971, during and in relation to a drug trafficking offense as charged in Count 1 herein, and did possess said firearms in furtherance of a drug trafficking offense charged in Count 1 herein, in violation of Title 18, United States Code, Section 924(c)(1)(A).

### COUNT 5

On or about the 8th day of March, 2006, in Montgomery County, within the Middle District of Alabama, the defendant,

DEANDRA TWAIN LEWIS,

did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as "cocaine powder," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 6

On or about the 8th day of March, 2006, in Montgomery County, within the Middle District of Alabama, the defendant,

**DEANDRA TWAIN LEWIS,**

knowingly used and carried a firearm during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime as alleged in Count 5 herein, which allegations the Grand Jury reallege and incorporate by reference herein, for which the defendant may be prosecuted in a court of the United States, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE ALLEGATION - 1

A.   Counts 1, 2, 3, 4, 5 and 6 of this Indictment are hereby repeated and incorporated herein by reference.

B.   Upon conviction for the violation of Title 18, United States Code, Section 924(c)(1), as alleged in Counts 4 and 6 of this Indictment the defendants,

**DEANDRA TWAIN LEWIS, and,**
**MARQUISE ANTOINE REYNOLDS,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred, sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property described in Paragraph B above, all in violation of Title 18, United States Code, Section 924.

## FORFEITURE ALLEGATION - 2

A. Counts 1, 2, 3, 4, 5 and 6 of this superseding indictment are hereby repeated and incorporated herein by reference.

B. Upon conviction for violation of Title 21, United States Code, Section 841(a)(1) as alleged in Count 5 of this superseding indictment, the defendant,

DEANDRA TWAIN LEWIS,

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendant obtained, directly or indirectly, as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count 5 of this superseding indictment, including but not limited to the following:

\*Thirty Thousand Two Hundred and Forty Dollars in United States Currency
~~Thirty Thousand Dollars ($30,000) in United States currency~~
seized on March 8, 2006 from Deandra Twain Lewis.

    C.    If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or,

    (5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property.

All in violation of Title 21, United States Code, Section 841.

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
UNITED STATES ATTORNEY

_____
JOHN T. HARMON
Assistant United States Attorney

_____
A. CLARK MORRIS
Assistant United States Attorney

\*CORRECTED pursuant to May 4, 2006, Order (dn 48)