IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                           ) | CR. NO. 2:06-cr-64-MHT |
| ) | |
| MARQUISE ANTOINE REYNOLDS ) | |
| ) | |

## RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW the United States of American by and through Leura G. Canary, United States Attorney, Middle District of Alabama and responds to this Court's Order To Show Cause as to Why the Defendant Should Not be Transferred Back to the Custody of the State of Alabama as follows:

1.  The Defendant is presently in federal custody pursuant to a writ of habeas corpus ad prosequendum and a detainer.  Such detainer was placed on the Defendant on March 8, 2006, while the defendant was in the custody of the State of Alabama in the Montgomery City Jail.  This Court's Order for the Writ of Habeas Corpus ad Prosequendum was granted on March 22, 2006.

2.  The Government's use of a detainer to obtain custody of the Defendant invokes the Interstate Agreement on Detainers Act, § 2, Art. IV, 18 U.S.C.A.App..  The Interstate Agreement on Detainers Act (IADA) has a provision commonly referred to as the "anti-shuttling" provision.  This provision provides that a prisoner transferred pursuant to the IADA, if returned to his original place of imprisonment prior to trial, will have his indictment dismissed with prejudice.  Interstate Agreement on Detainers Act, § 2, Art. IV(e), 18

U.S.C.A.App.

3.  Thus, if the Court returns the Defendant to the State of Alabama prior to trial, the Defendant's indictment will be dismissed without prejudice.  A violation of the "anti-shuttling" provision of the IADA can be waived, but no such waiver has been asserted by the Defendant.

4.  Moreover, the Defendant has made a motion to suppress and has requested a hearing on such motion.  Therefore, if the defendant were to be returned to the State of Alabama custody, in order to obtain the Defendant's presence at the motion to suppress hearing, the Government would have to request another writ of habeas corpus ad prosequendum.  The Court would then have to grant the writ of habeas corpus ad prosequendum and the United States Marshal's Service would have to obtain the Defendant from the State of Alabama custody.  After such motion hearing, the same process would have to be implemented to in order to secure the Defendant's presence at his plea or trial.  After such plea or trial, the process would again have to be implemented to obtain the Defendant for his sentencing.

5.  After consulting with the United States Marshal Service, the undersigned has discovered that the Marshal's Service in the Middle District of Alabama (MDAL) is extremely understaffed. One deputy marshal is serving in Iraq and another deputy marshal is in a three week training seminar.  The MDAL Marshal's Service has "borrowed" two deputy marshals from another district to help with the case of *United States v. Siegelman et al*.  To place the added burden of transporting defendants, that were in federal custody pursuant to a writ of habeas corpus ad prosequendum back and forth between State and Federal custody is an undue burden on an already overloaded Marshal's Service.

Based on the forgoing, the government requests that the Defendant's Motion to Transfer Defendant Back to the Custody of the State of Alabama be denied.

Respectfully requested this the 10th day of May, 2006.

LEURA G. CANARY
UNITED STATES ATTORNEY

s/A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: clark. morris@usdoj.gov
ASB-1613-N77A

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06-cr-64-MHT |
| | ) | |
| MARQUISE ANTOINE REYNOLDS | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Amardo W. Pitters, Esquire.

      LEURA G. CANARY
      UNITED STATES ATTORNEY

      s/ A. Clark Morris
      A. CLARK MORRIS
      Assistant United States Attorney
      One Court Square, Suite 201
      Montgomery, Alabama 36104
      Telephone: (334) 223-7280
      Fax: (334) 223-7135
      E-mail: clark.morris@usdoj.gov