IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. <u>2:06-cr-64-MHT</u> |
| | ) | |
| MARQUISE ANTOINE REYNOLDS | ) | |

**<u>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS</u>**

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files its response to the Motion to Suppress filed by Defendant Marquise Antoine Reynolds, as follows:

1. On July 1, 2005, law enforcement executed a State of Alabama search warrant at 742 Iris Lane, Montgomery, Alabama. Officers found defendant, Deandra Twain Lewis and defendant, Marquise Antoine Reynolds in the residence.

2. Lewis and Reynolds were immediately secured and the search of the residence commenced. Almost immediately after beginning the search, officers found an amount of marijuana floating in the toilet of the bathroom that was located next to the bedroom in which the defendants, Reynolds and Lewis, were found. At this point, both Reynolds and Lewis were arrested and each of them searched incident to the arrest. During such search, officers found the marijuana on Reynold's person.

3. Reynolds now contends that the search of his person was unconstitutional because the officers had no reasonable belief that the defendant was involved in any criminal activity. However, officers found marijuana floating in a toilet. That would establish a reasonable belief that the defendant was involved in criminal conduct.

1

Moreover, the defendant was not searched until after he was arrested.  Thus, his search was incident to his arrest.

4.  Warrantless searches of arrestees are valid when conducted incident to a lawful custodial arrest.  *See, Michigan v. DeFillippo*, 443 U.S. 31, 35 (1979)(search of defendant's shirt pocket valid because incident to arrest for violating ordinance requiring individual to produce identification when stopped by police for questioning about possible criminal behavior); *U.S. v. Robinson*, 414 U.S. 218, 235 (1973) (search incident to lawful custodial arrest "is not only an exception to the warrant requirement of the [4th] Amendment, but is also a 'reasonable' search under that [a]mendment") .

5.  Because the officers had a reasonable belief that the defendant was involved in criminal conduct and because the search of the defendant was executed pursuant to a valid arrest, the search was lawful.

Respectfully submitted this the 6th day of June, 2006.

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        /s/A. Clark Morris
        A. CLARK MORRIS
        Assistant United States Attorney
        One Court Square, Suite 201
        Montgomery, AL 36104
        Phone: (334) 223-7280
        Fax: (9334) 223-7135
        E-mail: clark.morris@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. <u>2:06-cr-64-MHT</u> |
| | ) | |
| MARQUISE ANTOINE REYNOLDS | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Amardo Wesley Pitters, Esq.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/A. Clark Morris
    A. CLARK MORRIS
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, AL 36104
    Phone: (334) 223-7280
    Fax: (9334) 223-7135
    E-mail: clark.morris@usdoj.gov