IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:06-CR-64-MHT-DRB |
| | ) | wo |
| MARQUISE ANTOINE REYNOLDS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In a superseding indictment filed on April 5, 2006 (Doc. 27), the United States charged that on or about July 1, 2005, Deandra Twain Lewis ("Lewis") and Marquise Antoine Reynolds ("Reynolds") conspired to possess for distribution (*count 1, 21 U.S.C. §§ 841(a)(1) and 846*), aided and abetted each other in possessing for distribution (*count 2, 21 U.S.C. §841(a)(1) and 18 U.S.C. § 2*) more than 500 grams of cocaine powder, and used and carried firearms during and in relation to the drug trafficking offense first alleged (*count 4, 18 U.S.C. 924(c)(1)(a)*). Count 3 indicted only Reynolds for marijuana possession on July 1, 2005, in violation of 21 U.S.C. §844(a).[1] Count 5 charged Lewis alone with unlawful possession for distribution of more than 500 grams of cocaine powder on or about March 8, 2006, and Count 6 charged him with using and carrying a firearm illegally in furtherance of that offense. Following an evidentiary hearing and careful consideration of all relevant evidence and arguments, the Magistrate Judge concludes that the *Motion for Suppression of Evidence* filed on May 3, 2006 (Doc. 49) by Defendant Marquise Antoine Reynolds should be DENIED.

---

[1] The original indictment on March 1, 2006, charged in four counts only the offenses occurring on July 1, 2005. Like the initial indictment, the Superseding Indictment included a Forfeiture Allegation for the firearms and ammunition as well as any proceeds from the drug trafficking offenses described.

## I. SUPPRESSION ISSUE

Reynolds' suppression motion states a single issue for review: "*Whether police search of the defendant's person was constitutionally permissible where there was no reasonable belief that he was involved in any criminal activity or that he was armed or dangerous.*" He confirmed at hearing that this issue implicates only his indictment in Count 3 for possession of marijuana, seized from his pocket during his visit on July 1, 2005, to a house at 742 Iris Lane, in Montgomery. The United States justifies the search and seizure as incident to Reynolds' arrest by officers then executing a search warrant at the residence.

## II. EVIDENTIARY FACTS

The controlling facts were presented through the testimony of Detective Paul Hayes ("Det. Hayes"), who is assigned to the Montgomery Police Department's narcotics bureau. Accompanied by more than a dozen officers, on July 1, 2005, Det. Hayes knocked at the front door of 742 Iris Lane and announced, "police with a search warrant." Upon hearing "rapid footstep" sounds believed to be "people running away from the front door towards the rear of the residence," Det. Hayes authorized officers to gain entrance by ramming down the door.

Officers had been briefed to hold any persons wherever they were found inside so they could be photographed in relationship to any evidence found. Summoned to the presence of Reynolds and Lewis in the back bedroom, Det. Hayes photographed them, each already handcuffed,[2] before proceeding two feet out of the bedroom to an adjacent bathroom, where he photographed a quantity of powder cocaine inside plastic bags partially flushed inside the toilet. (*Gov't Ex. 2*). Afterwards, the

---

[2] According to Detective Hayes, officers "handcuff everybody on every search warrant that [they] go on until [they] can determine what's going to happen."

detective "stepped back into the bedroom where the defendants still being detailed [and] advised SWAT [officers] to go ahead and take them outside, that they were under arrest." While Det. Hayes continued searching the house, Reynolds and Lewis, having already undergone "a precursory patdown for weapons", were taken outside. Cpl. K.C. Bentley conducted a more thorough patdown search of Reynolds' person and found in his pants pocket "a plastic bag containing a quantity of marijuana."[3] After officers completed the house search, Reynolds and Lewis were transported to the narcotics bureau for processing to be placed in jail.

### III.  DISCUSSION

Reynolds' theory for suppression of the marijuana seized from his person rests squarely on his belief that "the search of his person was not constitutionally permissible as there was no reasonable belief that he was involved in any criminal activity or that he was armed or dangerous." The thrust of his argument is stated as follows:

> The government's evidence . . . articulates that the search of the defendant's person was merely "incident to arrest by Cpl. K.C. Bentley #1079." However, the defendant was not named or otherwise identified as being engaged in any criminal activity with the co-defendant at the residence. Indeed, the defendant was not identified as having been armed and/or dangerous upon apprehension by law enforcement at the residence nor is it contended that was he frisked by Cpl. Bentley who felt something that he feared was a weapon. . . . The evidence suggests that Cpl. Bentley had no knowledge that the defendant possessed personal use marijuana in his pocket upon his apprehension or before he searched his person. Moreover, he articulated no reason to search his person or even to frisk ("pat-down") him for his own safety. Summarily, the government's case lacks any evidence that the agents or police officers had any information linking the defendant to his co-defendant or any criminal conduct or illegal narcotics prior to their arrival at 742 Iris Lane,

---

[3]No evidence documented either the fact or quantity of this marijuana, and Count 3 does not specify a quantity.

Montgomery, Alabama to execute the search warrant.[4]

Reynolds misapprehends the nature and effect of the "search incident to arrest" exception to the requirement for a probable cause warrant. It stands alone as an exception as does a *Terry* patdown frisk[5] or any of the other recognized exceptions to the Fourth Amendment's requirement of probable cause for searches. A search incident to a lawful custodial arrest "is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that [a]mendment." *United States v. Robinson*, 414 U.S. 218, 235 (1973). *See United States v. Lyon*, 403 F.3d 1248, 1254-1255 (11th Cir. 2005) (search of person incident to arrest valid because officer had probable cause to arrest for disorderly conduct); *United States v. Goddard*, 312 F.3d 1360, 1364 (11th Cir. 2001) (search before formal arrest valid because police already had probable cause to arrest for narcotics possession). In contrast to the warrantless search authorized by *Terry* – a limited protective search for weapons conducted during an investigative stop – a full search of the arrestee for both weapons and evidence may be made during a search incident to arrest. *See United States v. Robinson*, 414 U.S. at 229 (inspection of crumpled cigarette package found inside suspect's coat upheld as search incident to arrest).

Construing Reynolds' theory as an argument that officers lacked probable cause to arrest Reynolds, the court rejects it based on the undisputed evidence of the cocaine powder found partially flushed in the bathroom toilet barely two feet away from his location in an adjacent bathroom. Notwithstanding Reynolds' location there with Lewis and irrespective of his status then as a visitor

---

[4]Defendant's Motion for Suppression of Evidence (*"Def.'s Br."*) at 3-4.

[5]*Terry v. Ohio*, 392 U.S. 1, 30 (1968).

to the dwelling, officers had probable cause to effect a valid arrest of Reynolds for, at minimum, constructive possession of the cocaine.[6] That he was in fact arrested prior to the search of his person is not disputed, as shown by the following colloquy between Reynolds' counsel and Det. Hayes:

> Q: [A]fter you ascertained that he was in handcuffs, he had been – was of no threat to the officers, why did the law enforcement officers enter his pocket and search his person?
>
> A: That search was conducted after he was told he was under arrest for possession of cocaine.
>
> Q: Okay. Why was he under arrest? What evidence did you have to support his arrest?
>
> A: The large amount of cocaine located in plain view in the toilet that was obviously attempting to be flushed, along with the other evidence located in various rooms.
>
> Q: Why was there a need to go to his pocket after y'all told him he was under arrest?
>
> A: Because it's procedure. It's a search incident to a lawful arrest. Before he's placed in a patrol car for transport, before he's placed in a jail facility, he needs to be thoroughly searched.

## IV.  CONCLUSION

Credible undisputed evidence establishes Reynolds' arrest for possession of cocaine followed by a search of his person incident to that arrest before officers transported him to jail. The marijuana seized pursuant to that search is admissible, therefore, pursuant to the "search incident to arrest" exception for a showing of probable cause. Accordingly, it is the **RECOMMENDATION OF THE**

---

[6] Admitting that no officer saw Reynolds enter or exit the bathroom, Det. Hayes offered as evidence of his constructive possession "the fact that we're talking about a fairly large quantity of cocaine that was in plain sight in the toilet that, in my mind, a reasonable person would obviously know that was there."

**MAGISTRATE JUDGE that Defendant Reynolds' suppression motion (Doc. 49) be DENIED.**

It is further ORDERED that the parties shall file any objections to the said Recommendation not later than July 31, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 20th day of July, 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE