IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | 2:06-cr-64-MHT |
| | ) | |
| DEANDRA TWAIN LEWIS, and | ) | |
| MARQUISE ANTOINE REYNOLDS | ) | |

## **UNITED STATES' PROPOSED JURY INSTRUCTIONS**

COMES NOW the United States of America, by and through Leura Garrett Canary,

United States Attorney for the Middle District of Alabama, and respectfully requests that

the following Jury Instructions be given to the jury in the above-styled case.

Respectfully submitted this the 31st day of July, 2006.

LEURA G. CANARY
UNITED STATES ATTORNEY

s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | 2:06-cr-64-MHT |
| | ) | |
| DEANDRA TWAIN LEWIS, and | ) | |
| MARQUISE ANTOINE REYNOLDS | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2006, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to

the following: Tony Axam and Wesley A. Pitters.

LEURA G. CANARY
UNITED STATES ATTORNEY

s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  1

**<u>See</u> Eleventh Circuit Pattern Jury Instructions, Basic Instruction 2.1 (2003)**

**<u>Duty To Follow Instructions</u>**
**<u>Presumption Of Innocence</u>**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendants or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving  Defendants guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendants not guilty.

**<u>ANNOTATIONS AND COMMENTS</u>**

<u>In re Winship</u>, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970) (The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); <u>see also</u> <u>Harvell v. Naple</u>, 58 F.3d 1541,1542(11th Cir. 1995), <u>reh'g denied</u>, 70 F.3d 1287 (11th Cir. 1995).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  2

**<u>See</u> Eleventh Circuit Pattern Jury Instructions, Basic Instruction 2.2 (2003)**

**<u>Duty To Follow Instructions</u>**
**<u>Presumption Of Innocence</u>**
**<u>(When Any Defendant Does Not Testify)</u>**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendants or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent.  The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations.  The Government has the burden of proving Defendants guilty beyond a reasonable doubt, and if it fails to do so you must find Defendants not guilty.


**<u>ANNOTATIONS AND COMMENTS</u>**


<u>United States v. Teague</u>, 953 F.2d 1525, 1539 (11th Cir. 1992), <u>cert</u>. <u>denied</u>, 506 U.S. 842,113 S.Ct. 127, 121 L.Ed.2d 82 (1992), Defendant who does not testify is entitled to instruction that no inference may be drawn from that election; <u>see also</u> <u>United States v. Veltman</u>, 6 F.3d 1483,1493 (11th Cir. 1993)(Court was "troubled" by "absence of instruction on the presumption of innocence at the beginning of the trial . . . .  Although the Court charged the jury on the presumption before they retired to deliberate, we believe it extraordinary for a trial to progress to that stage with nary a mention of this jurisprudential bedrod.")

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  3

**<u>See</u> Eleventh Circuit Pattern Jury Instructions, Basic Instruction 3 (2003)**

**<u>Definition Of Reasonable Doubt</u>**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the Defendants have been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**<u>ANNOTATIONS AND COMMENTS</u>**

<u>United States v. Daniels</u>, 986 F.2d 451 (11th Cir. 1993), opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), <u>cert</u>. <u>denied</u>, 114 S.Ct. 1615, 128 L.Ed.2d 342 (1994), approves this definition and instruction concerning reasonable doubt; <u>see also</u> <u>United States v. Morris</u>, 647 F.2d 568 (5th Cir. 1981 ); <u>Victor v. Nebraska</u>, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   4

**<u>See</u> Eleventh Circuit Pattern Jury Instructions, Basic Instruction 4.2 (2003)**

**<u>Consideration Of The Evidence, Direct
And Circumstantial - - Argument Of Counsel
Comments By The Court</u>**

As I said earlier, you must consider only the evidence that I have admitted in the case.  The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

**<u>ANNOTATIONS AND COMMENTS</u>**

<u>United States v. Clark</u>, 506 F.2d 416 (5th Cir. 1975) <u>cert</u>. <u>denied</u>, 421 U.S. 967, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975) approves the substance of this instruction concerning the lack of distinction between direct and circumstantial evidence; see also <u>United States v. Barnette</u>, 800 F.2d 1558, 1566 (11th Cir. 1986), <u>reh'g</u> <u>denied</u>, 807 F.2d

999 (11th Cir. 1986), cert. denied, 480 U.S. 935, 107 S.Ct. 1578, 94 L.Ed.2d 769 (1987) (noting that the "test for evaluating circumstantial evidence is the same as in evaluating direct evidence") (citing United States v. Henderson, 693 F.2d 1028, 1030 (11th Cir. 1983)).

United States v. Hope, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") (citing United States v. Buchanan, 585 F.2d 100, 102 (5th Cir. 1978)). See also United States v. Jenkins, 901 F.2d 1075 (11th Cir. 1990).

United States v. Granville, 716 F.2d 819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing United States v. Phillips, 664 F.2d 971,1031 (5th Cir. 1981)); see also United States v. Siegel, 587 F.2d 721, 727 (5th Cir. 1979).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   5

**See** Eleventh Circuit Pattern Jury Instructions, Basic Instruction 5 (2003)

**Credibility Of Witnesses**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. **6**

**<u>See</u> Eleventh Circuit Pattern Jury Instructions, Basic Instruction 6.5**

**<u>Impeachment</u>**
**<u>Inconsistent Statement and Felony Conviction</u>**
**<u>(Defendant Testifies With No Felony Conviction)</u>**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe his testimony.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

As stated before, a Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe his testimony.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

**<u>See</u> Eleventh Circuit Pattern Jury Instructions, Basic Instruction 6.6 (2003)**

**Impeachment**
**Inconsistent Statement And Felony Conviction**
**(Defendant Testifies With Felony Conviction)**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony. [Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant

as a witness, and must never be considered as evidence of guilt of the crime(s) for

which the Defendant is on trial.]

## ANNOTATIONS AND COMMENTS

United States v. Lippner, 676 F.2d 456, 462 n.11 (11th Cir. 1982), it is plain error not to give a limiting instruction (such as the last sentence of this instruction) when a Defendant is impeached as a witness under Rule 609, FIRE., by cross examination concerning a prior conviction) (citing United States v. Diaz, 585 F.2d 116 (5th Cir. 1978)).

If, however, evidence of a Defendant's prior conviction is admitted for other purposes under Rule 404(b), FIRE., the last sentence of this instruction should not be given. See, instead, Trial Instruction 3 and Special Instruction 4.

Similarly, the last sentence of this instruction should not be given if evidence of a Defendant's prior conviction is admitted because the existence of such a conviction is an essential element of the crime charged. See, for example, Offense Instruction 30.6, 18 U.S.C. § 922(g), and the Annotations and Comments following that instruction.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   8

**See** Eleventh Circuit Pattern Jury Instructions, Basic Instruction 7 (2003)

**Expert Witnesses**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

**ANNOTATIONS AND COMMENTS**

United States v. Johnson, 575 F.2d 1347, 1361 (5th Cir. 1978), cert. denied, 440 U.S. 907, 99 S.Ct. 1214, 59 L.Ed.2d 454 (1979), approved the Committee's former version of this instruction.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. __9__

**<u>See</u> Eleventh Circuit Pattern Jury Instructions, Basic Instruction 9.1 (2003)**

**<u>On Or About - - Knowingly - - Willfully</u>**

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

**<u>ANNOTATIONS AND COMMENTS</u>**

<u>United States v. Creamer</u>, 721 F.2d 342, 343 (11th Cir. 1983), "on or about" language upheld in case in which alibi defense was used by the Defendant; the court "rejected the contention that time becomes a material element of a criminal offense merely because the defense of alibi is advanced."  <u>See also</u> <u>United States v. Reed</u>, 887 F.2d 1398 (11th Cir. 1989), <u>reh'g</u> <u>denied</u>, 891 F.2d 907 (1989), <u>cert</u>. <u>denied</u>, 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990).

<u>United States v. Diecidue</u>, 603 F.2d 535, 548 (5th Cir. 1979), <u>cert</u>. <u>denied</u>, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed. 2d 781 (1980), and <u>cert</u>. <u>denied</u>, 446 U.S. 912, 100 S.Ct. 1842, 64 L.Ed.2d 266 (1980) approved these definitions of knowingly and willfully as sufficient instructions on issue of intent.  <u>See also</u> <u>United States v. Kerley</u>, 643 F.2d 299 (5th Cir. 1981).

<u>United States v. Kelly</u>, 615 F.2d 378 (5th Cir. 1980), approved refusal to amplify "willfulness" instruction for the purpose of emphasizing specific intent, criminal motive or

guilty mind.

United States v. Restrepo-Granda, 575 F.2d 524 (5th Cir. 1978), reh'g denied, 579 F.2d 644 (1978), cert. denied, 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978), reh'g denied, 439 U.S. 1104, 99 S.Ct. 885, 59 L.Ed.2d 65(1979); United States v. Batencort, 592 F.2d 916 (5th Cir. 1979), instruction on "deliberate ignorance" as equivalent of knowledge may be given as a supplement to the standard charge in an appropriate case.  See Special Instruction 8.

United States v. Stone, 9 F.3d 934,937(11th Cir. 1993), reh'g denied, 19 F.3d 1448 (11th Cir. 1994), cert. denied, 115 S.C. 111, 130 LED.2d 58 (1994), "deliberate ignorance" instruction appropriate only when evidence in the record shows that the Defendant purposely contrived to avoid learning the truth.  United States v. Arias, 984 F.2d 1139 (11th Cir. 1993), cert. denied, 508 U.S. 979, 113 S.C. 2979, 125 LED.2d 676 (1993), and cert. denied, 113 S.C. 3062, 125 LED.2d 744 (1993) approved deliberate ignorance instruction when drug couriers avoided knowledge of content of their parcels.  See also United States v. Rivera, 944 F.2d 1563, 1570-72(11th Cir. 1991); Batencort, supra, and Special Instruction 8,infra.

United States v. Corral Martinez, 592 F.2d 263 (5th Cir. 1979), Model Penal Code definition of knowledge held not to be plain error when given as an instruction, i.e., "proof that Defendant was aware of the high probability that the substance he possessed was heroin [suffices to prove knowledge] unless he actually believes it was not heroin."

United States v. Benson, 592 F.2d 257 (5th Cir. 1979); United States v. Warren, 612 F.2d 887 (5th Cir. 1980), cert. denied, 446 U.S. 956, 100 S.C. 2928, 64 LED.2d 815 (1980) approved instruction in a tax evasion case and a currency reporting case, respectively, defining "willfulness" to mean the "voluntary and intentional violation of a known legal duty;" United States v. Pomponio, 429 U.S. 10,97 S.C. 22, 50 LED.2d 12 (1976), reh'g denied, 429 U.S. 987,97 S.C. 510, 50 LED.2d 600 (1976).  See Special Instruction 9, infra.

Other instructions are sometimes given concerning specific types of evidence as giving rise to an inference of guilty knowledge, and some such instructions have been approved (as indicated below), but the Committee recommends that, ordinarily, those subjects should be left to the argument of counsel and should not be addressed in the Court's charge.

United States v. Stewart, 579 F.2d 356 (5th Cir. 1978), cert. denied, 439 U.S. 936, 99 S.C. 332,58 LED.2d 332 (1978) approved instruction on flight and concealment as justifying inference of guilty knowledge.

United States v. Barresi, 601 F.2d 193 (5th Cir. 1979) approved instruction concerning proof of falsity of Defendant's explanation as evidence of guilty knowledge; see also United States v. Broadwell, 870 F.2d 594, 601 n.17 (11th Cir. 1989), cert. denied, 493

U.S. 840, 110 S.C. 125, 107 LED.2d 85(1989).

United States v. Knight, 607 F.2d 1172 (5th Cir. 1979) approved instruction concerning inference which might be drawn from refusal of Defendant to obey order requiring submission of handwriting exemplar.

United States v. Gastell, 584 F.2d 87 (5th Cir. 1978), cert. denied, 440 U.S. 925, 99 S.C. 1256, 59 LED.2d 480 (1979); United States v. Duckett, 583 F.2d 1309 (5th Cir. 1978) approved instruction concerning inference of guilty knowledge which might be drawn from possession of recently stolen property.

But, United States v. Chiantese, 560 F.2d 1244, 1255 (5th Cir. 1977) (en banc) disapproved instruction to the effect that, absent evidence to the contrary, a person is presumed to intend the natural and probable consequences of his or her acts.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. __10__

<u>See</u> **Eleventh Circuit Pattern Jury Instructions, Basic Instruction 10.4 (2003)**

**<u>Caution - - Punishment</u>
<u>(Multiple Defendants - - Multiple Counts)</u>**

A separate crime or offense is charged against the Defendants in each count of the indictment.  Each charge, and the evidence pertaining to it, should be considered separately. Also, the Defendants should be considered separately and individually from any other coconspirator who is mentioned in this case.  The fact that you may find the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendants are guilty or not guilty.  The Defendants are on trial only for the specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the Defendants are convicted the matter of punishment is for the Judge alone to determine later.

**<u>ANNOTATIONS AND COMMENTS</u>**

<u>United States v. Morales</u>, 868 F.2d 1562, 1572 (11th Cir. 1989) approved this instruction.

There may be cases in which the last sentence of the first paragraph of this instruction is inappropriate and should be deleted.  This may occur, for example, in prosecutions under 18 U.S.C. § 1962 (RICO offenses) or 21 U.S.C. § 848 (Continuing Criminal Enterprise offenses) where the indictment is structured so that a conviction of one count or counts (sometimes called "predicate offenses") is necessary to a conviction of another count or counts.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   11

**<u>See</u> Eleventh Circuit Pattern Jury Instructions, Basic Instruction 11 (2003)**

**<u>Duty To Deliberate</u>**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**<u>ANNOTATIONS AND COMMENTS</u>**

<u>United States v. Brokemond</u>, 959 F.2d 206, 209 (11th Cir. 1992) approved this instruction.  <u>See also</u> <u>United States v. Cook</u>, 586 F.2d 572 (5th Cir. 1978), <u>reh'g</u> <u>denied</u>, 589 F.2d 1114 (1979), <u>cert.</u> <u>denied</u>, 442 U. 5. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979); <u>United States v. Dunbar</u>, 590 F.2d 1340 (5th Cir. 1979).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   12

**<u>See</u> Eleventh Circuit Pattern Jury Instructions, Basic Instruction 12 (2003)**

**<u>Verdict</u>**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.  A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at anytime, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**<u>ANNOTATIONS AND COMMENTS</u>**

United States v. Norton, 867 F.2d 1354, 1365-66 (11th Cir. 1989), <u>cert</u>. <u>denied</u>, 491 U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 701 (1989) and 493 U.S. 871, 110 S.Ct.  200, 107 L.Ed.2d 154 (1989) notes that the Court should not inquire about, or disclose, numerical division of the jury during deliberations but states that "[r]eversal may not be necessary even where the trial judge undertakes the inquiry and  thereafter follows it with an <u>Allen</u> charge, absent a showing that either incident or a combination of the two was inherently coercive."  Also, <u>United States v. Brokemond</u>, 959 F.2d 206, 209(11th Cir. 1992) approved this instruction.  <u>See also</u> <u>United States v. Cook</u>, 586 F.2d 572 (5th Cir. 1978), <u>reh'g</u> <u>denied</u>, 589 F.2d 1114 (1979), <u>cert</u>. <u>denied</u>, 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   13

**See** **Eleventh Circuit Pattern Jury Instructions, Special Instruction 1.1 (2003)**

**Accomplice - - Informer - - Immunity**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been  promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when  testifying, you should consider that testimony with more caution than the testimony of other witnesses.

**ANNOTATIONS AND COMMENTS**

United States v. Shearer, 794 F.2d 1545, 1551 (11th Cir. 1986) approved similar instruction.  See also United States v. Solomon, 856 F.2d 1572 (11th Cir. 1988), cert. denied, 489 U.S. 1070, 109 S.C. 1352, 103 L.Ed.2d 820 (1989) (holding that, as a general rule, a cautionary instruction regarding the credibility of accomplices  should be given).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. __14__

**<u>See</u> Eleventh Circuit Pattern Jury Instructions, Special Instruction 5 (2003)**

**<u>Notetaking</u>**

In this case you have been permitted to take notes during the course of the trial, and most of you - - perhaps all of you - - have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  15

<u>See</u> **Eleventh Circuit Pattern Jury Instructions, Offense Instruction 87 (2003)**

### Controlled Substances
### (Conspiracy)
### 21 U.S.C. § 846

Title 21, United States Code, Section 846 makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 841(a)(1).  Section 841(a)(1) makes it a crime for anyone to knowingly distribute a controlled substance or to knowingly possess such a substance with the intent to distribute it.

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the indictment were members of the scheme, <u>or</u> that those who <u>were</u> members had entered into any formal type of agreement.  Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

<u>First</u>:          That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

<u>Second</u>:     That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it; and

Third:        That the object of the unlawful plan was to distribute
              or possess with intent to distribute the controlled
              substance charged in the indictment.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators.  So, if the Defendants had a general understanding of the unlawful purpose of the plan (including the nature and anticipated weight of the substance involved) and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict the Defendants for conspiracy even though the Defendants did not participate before and even though the Defendants played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.  Likewise, familial relationships alone will not support a conspiracy conviction; "[i]nferences drawn from familial relationships or mere knowing presence, however, may be combined with other circumstantial evidence to support a conspiracy conviction."  United States v. Broussard, 80 F.3d 1025, 1031 (5th Cir. 1996), citing United States v. Williams-Hendricks, 805 F.2d 496, 503 (5th Cir. 1986) (internal citations omitted).

The Defendants are charged in the indictment with conspiracy to distribute or possess with intent to distribute a certain quantity or weight of the alleged controlled substance.  However, you may find Defendants guilty of the offense if the quantity of the controlled substance for which the Defendants should be held responsible is less

than the amount or weight charged.  Thus the verdict form prepared with respect to a

Defendant, as I will explain in a moment, will require, if you find a Defendant guilty, to

specify on the verdict your unanimous finding concerning the weight of the controlled

substance attributable to that Defendant.

## ANNOTATIONS AND COMMENTS

21 U.S.C. § 846 provides:

> Any person who attempts or conspires to commit any offense
> defined in this subchapter [Sections 801 through 904] [shall be guilty of an
> offense against the United States].

21 U.S.C. § 963 provides:

> Any person who attempts or conspires to commit any offense
> defined in this subchapter [Sections 951 through 966] [shall be guilty of an
> offense against the United States].

Maximum Penalty:   Both sections (846 and 963) provide that the penalty shall be the
same as that prescribed for the offense which was the object of the
conspiracy.

The "knowledge" elaboration upon the pre-existing version of this pattern charge is
taken from United States v. Knowles, 66 F.3d 1146, 1155 (11th Cir. 1995).

Unlike 18 U.S.C. § 371 (general conspiracy statute), no overt act need be alleged or
proved under either § 846 or § 963, United States v. Shabani, _____ U.S. ___,115 S.C.
382, 385-86 (1994); United States v. Ricardo, 619 F.2d 1124,1128 (5th Cir.), cert.
denied, 449 U.S. 1063 (1980), nor does the absence of that requirement violate the
First Amendment.  United States v. Pulido, 69 F.3d 192, 209 (7th Cir. 1995).

Termination of a conspiracy instruction discussed in United States v. Knowles, 66 F.3d
1146, 1157 (11th Cir. 1995) (no plain error in failing to instruct on this point); see also
United States v. Belardo-Quinones, 71 F.3d 941, 944 (1st Cir. 1995).

Acts of concealment are not part of the original conspiracy.  United States v. Knowles,
66 F.3d 1146, 1155-56 (11th Cir. 1995).

For comparative citations analyzing the "mere presence" and "mere association"
concepts, see United States v. Lopez-Ramirez, 68 F.3d 438, 440-41 (11th Cir. 1995).

The distinction between conspiracy to commit crime and aiding and abetting in its
commission (they are distinct offenses) is illuminated in United States v. Palazzolo, 71

F.3d 1233, 1237 (6th Cir. 1995).

For a discussion of the "buyer-seller rule" (one who merely purchases drugs for personal use does not thereby become a member of a drug distribution conspiracy), see United States v. Ivy, 83 F.3d 1266,1285(10th Cir. 1996), cert. denied, 519 U.S. 901, 117 S.C. 253.

The Committee recognizes - - and cautions - - that sentence enhancing factors subject to the principle of Apprendi, including weights of controlled substances under 21 U.S.C. § 841(b), are not necessarily "elements" creating separate offenses for purposes of analysis in a variety of contexts.  See United States v. Sanchez, 269 F.3d 1250, 1257 fn. 51(11th Cir. 2001) en banc, cert. denied, _____ U.S. _____ 122 S.C. 1327 (2002). Even so, the lesser included offense model is an appropriate and convenient procedural mechanism for purposes of submitting sentence enhancers to a jury when required by the principle of Apprendi.  This would be especially true in simpler cases involving single Defendants.  See Special Instruction 10 and the verdict form provided in the Annotations And Comments following that instruction.  If the lesser included offense approach is followed, using Special Instruction 10 and its verdict form, then the bracketed language in this instruction explaining the significance of weights and the use of a special verdict form specifying weights, should be deleted.

Alternatively, in more complicated cases, if the bracketed language in this instruction concerning weights is made a part of the overall instructions, followed by use of the special verdict form below, then the Third element of the instructions  defining the offense should be deleted.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   16

**See** **Eleventh Circuit Pattern Jury Instructions, Special Instruction 6 (2003)**

**Possession**

The law recognizes several kinds of possession.  A person may have actual possession or constructive possession.  A person may also have sole possession or joint possession.

A person who knowingly has direct physical control of something is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

Whenever the word "possession" has been used in these instructions it includes constructive as well as actual possession, and also joint as well as sole possession.

**ANNOTATIONS AND COMMENTS**

United States v. Hastamorir, 881 F.2d 1551 (11th Cir. 1989) approved this instruction.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   17

**See** Eleventh Circuit Pattern Jury Instructions, Offense Instruction 85 (2003)

**Controlled Substances
(Possession With Intent To Distribute)
21 U.S.C. § 841 (a)(1)**

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it.

Marijuana is a  "controlled substances" within the meaning of the law.

The Defendants can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:          That the Defendant knowingly and willfully possessed
                (marijuana) as charged; and

Second:     That the Defendant possessed the substance
                with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The Defendants are charged in the indictment with possessing with intent to distribute a certain quantity or weight of the alleged controlled substance.  However, you may find the Defendants guilty of the offense if the quantity of the controlled substance for which Defendants should be held responsible is less than the amount or weight charged.  Thus the verdict form prepared with respect to the Defendants, as I will explain in a moment, will require, if you find the Defendants guilty, to specify on the verdict your unanimous finding concerning the weight of the controlled substance attributable to that Defendant.

**ANNOTATIONS AND COMMENTS**

21 U.S.C. § 841(a) provides:

> . . . it shall be unlawful for any person knowingly or intentionally - -
>
>> (1)     to . . . possess with intent to . . . distribute . . . a controlled substance.

Maximum Penalty:   Depends upon the nature and weight of the substance involved. See 21 U.S.C. § 841(b).

The Committee recognizes - - and cautions - - that sentence enhancing factors subject to the principle of Apprendi including weights of controlled substances under 21 U.S.C. § 841(b), are not necessarily "elements" creating separate offenses for purposes of analysis in a variety of contexts.  See United States v. Sanchez, 269 F.3d 1250, 1257 n. 51(11th Cir. 2001) en banc, cert. denied, _____ U. S. _____ 122 S.C. 1327 (2002). Even so, the lesser included offense model is an appropriate and convenient procedural mechanism for purposes of submitting sentence enhancers to a jury when required by the principle of Apprendi.  This would be especially true in simpler cases involving single Defendants.  See Special Instruction 10 and the verdict form provided in the Annotations And Comments following that instruction.  If the lesser included offense approach is followed, using Special Instruction 10 and its verdict form, then the bracketed language in this instruction explaining the significance of weights and the use of a special verdict form specifying weights, should be deleted.

Alternatively, in more complicated cases, if the bracketed language in this instruction concerning weights is made a part of the overall instructions, followed by use of the special verdict form below, then the Third element of the instructions defining the offense should be deleted.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. <u>18</u>

**Eleventh Circuit Pattern Jury Instructions, Offense Instruction 35.2**

<u>**Carrying/Possessing a Firearm During or in Furtherance of a Drug
Trafficking Offense or Crime of Violence
18 USC 924(c)(1)(A)**</u>

Title 18, United States Code, Section 924(c)(1)(A), makes it a separate Federal crime or offense for anyone to use or carry a firearm during and in relation to, or possess a firearm in furtherance of a drug trafficking crime.

The Defendant can be found guilty of that offense as charged in Count Two of the indictment only if all of the following facts are proved beyond a reasonable doubt:

First:      That Defendant committed the drug trafficking offense charged in Count One of the Indictment;

Second:   That during the commission of that offense the Defendant knowingly carried or possessed a firearm as charged; and

Third:     That the Defendant carried the firearm "in relation to" or possessed the firearm "in furtherance of" a drug trafficking crime.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon or any firearm muffler or firearm silencer.

The term "drug trafficking crime" means any felony punishable under the controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act.  The unauthorized or illegal manufacture of methamphetamine is a "drug trafficking crime."

To carry or possess a firearm means that the defendant either had a firearm on or around his person or transported, conveyed or controlled a firearm in such a way that

it was available for immediate use if the defendant so desired during the commission of the drug trafficking offense; and to carry a firearm "in relation to" an offense means that there must be a connection between the defendant, the firearm, and the drug trafficking offense so that the presence of the firearm was not accidental or coincidental, but facilitated the crime by serving some important function or purpose of the criminal activity.

To possess a firearm "in furtherance" of an offense means something more that mere presence of a firearm; it must be shown that the firearm helped, furthered, promoted or advanced the offense in some way.

The indictment charges that the Defendant knowingly carried a firearm during and in relation to a drug trafficking offense and possessed a firearm in furtherance of a drug trafficking offense.  It is charged, in other words, that the Defendant violated the law as charged in Count Two in two separate ways.  It is not necessary, however, for the Government to prove that the defendant violated the law in both of those ways.  It is sufficient if the government proves, beyond a reasonable doubt,  that the defendant knowingly violated that law in either way; but, in that event, you must unanimously agree upon the way in which the defendant committed the violation.

Some factors that would help determine whether a particular defendant's possession furthers, advances, or helps forward a drug trafficking offense might include: the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.  See United States v. Ceballos-Torres, 218 F. 3d 409, 414, 415 (5th Cir. 2000); United States v. Basham, 268 F.3d

1199 (10 Cir. 2001); United States v. Timmons, 283 F.3d 1246 (11th Cir. 2002); United States v. Sparrow, 371 F.3d 851(3rd Cir. 2004).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   19

**<u>Conjunctive Charging</u>**

"[W]here an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may be properly framed in the disjunctive."  <u>United States v. Simpson</u>, 228 F.3d 1294, 1300 (11th Cir. 2000).

In other words, where the word "and" is used in the indictment to charge defendants with different means by which the crime was committed, the Government need only prove one of those means beyond a reasonable doubt to convict the Defendants.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. <u>20</u>

**Special Instruction**

**<u>Consciousness of Guilt From Evidence of Flight</u>**

You have heard evidence that one Defendant fled after he believed that he was about to be charged with committing the crime for which he are now on trial.  If proved, the flight of the defendant after he knows he is to be accused of a crime may tend to prove that the Defendant believed that he was guilty.  It may be weighed by you in this connection, together with all the other evidence.

However, flight may not always reflect feelings of guilt.  Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt.

You are specifically cautioned that evidence of flight of the Defendant may not be used by you as a substitute for proof of guilt.  Flight does not create a presumption of guilt.

Whether or not evidence of flight does show that the Defendant believed that he was guilty, and the significance, if any, to be given to the Defendant's feelings on this matter are for you to determine.

1 L. Sand, *et al.*, Modern Federal Jury Instructions, 2002