IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARQUISE ANTOINE REYNOLDS )<br>)<br>Defendant. ) | Case No.: 2:06cr64-MHT |

**DEFENDANT MARQISE REYNOLDS'S PROPOSED JURY INSTRUCTIONS**

**COMES NOW**, defendant Marqise Antione Reynolds, by and through his undersigned counsel, and move this Honorable Court to instruct the jury as follows:

1. **Members of the Jury**:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendants guilty of the crimes charged in the indictment.

2. **DUTY TO FOLLOW INSTRUCTIONS; PRESUMPTION OF INNOCENCE**

You must make your decision on the basis of the testimony and other evidence presented during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendants or Government.

You must also follow the law as I explain it to you whether you agree with that law or

not; and you must not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the Defendants is not evidence of guilt. Indeed, every defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or to produce any evidence at all. Indeed, if a Defendant elects not to testify, you should not consider that in any way during your deliberations as to the Defendant's guilt or innocence. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

3. **DEFINITION OF REASONABLE DOUBT**

While the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond a;; possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

4. **CONSIDERATION OF THE EVIDENCE: DIRECT AND CIRCUMSTANTIAL; ARGUMENT OF COUNSEL**

As I said earlier, you must consider the only the evidence that I have admitted in the case. The term "evidence" includes the testimony of witnesses and the exhibits admitted in the record. Remember that any thing the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding

upon you.

In considering the evidence, you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of an eye witness. "Circumstantial evidence" is proof of a chain of facts tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## 5. CREDIBILITY OF WITNESSES

In saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the ability and opportunity to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness testimony differ from other testimony no other evidence?

## 6. IMPEACHMENT

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some

other time a witness said or did something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember some things inaccurately. So if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### 7. IMPEACHMENT: INCONSISTENT STATEMENT AND FELONY CONVICTION

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

### 8. IMPEACHMENT: DEFENDANT WITH FELONY CONVICTION

A defendant has a right not to testify. If a defendant does testify, however, upu should decide in the same manner as that of any other witness whether you believe the defendant's testimony. Evidence of the defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the defendant as a witness, and must never be considered as evidence of guilt of the crimes for which the defendant is on trial.

### 9. EXPERT WITNESSES

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expresses an opinion , however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

10.     **INTRODUCTION OF OFFENSE**

At this time I will explain the indictment which charges six separate offenses called "counts". I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count I charges that the defendants knowingly and intentionally conspired together to "possess with intent to distribute five hundred (500) grams or more of cocaine hydrochloride, more commonly referred to as "cocaine powder". Counts 2 , 3, 4, 5, & 6, respectively charge the commission of what are referred to as substantive offenses, namely that the defendants each aided and abetted by the other, did knowinging and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as "cocaine powder"; that defendant Marqise Reynolds did knowingly and intentionally possess marijuana; that the defendants did knowingly use and carry a Smith & Wesson 38 special revolver, bearing serial number BSC2766; a Hi-Point .9mm semi-automatic handgun, bearing serial number P159268; and an Independent Arms 38 Special, bearing serial number 053971, during and in relation to a drug trafficking offense as charged in Count 1 of the indictment and that they possessed said firearms in furtherance of a drug trafficking offense as charged in Count 1 of the indictment. I will explain the law governing those substantive offenses in a moment.

First, however, as to Count I, you will note that the defendants are not charged with committing a substantive offense; rather they are charged with having conspired to do so.

**11. ON OR ABOUT – KNOWINGLY – WILLFULLY**

You will note that the indictment charges that the offense was committed "on or about" as certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly", as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of a mistake or accident.

The word "willfully", as that term is used in the indictment or in these instructions, means hat the act was committed voluntarily and purposely, with specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

**12. CAUTION – PUNISHMENT; MULTIPLE DEFENDANTS – MULTIPLE COUNTS**

A separate crime or offense is charged against one or more of the defendants in each count of the indictment. Each charge and the evidence pertaining to it, should be considered separately and individually. The fact that you find any one or more of the defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each defendant is guilty or not guilty. Each defendant is on trial only for the specific offense alleged in the indictment.

The question of punishment should never be considered by you the jury in any way in deciding the case. If any defendant is convicted the matter of punishment is for the Judge alone to determine later.

**13. POSSESSION**

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who knowingly has direct and physical control of something is then in actual possession of it.

A person who is not in actual possession, but who has both the power and intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

Whenever, the word "possession" has been used in these instructions, it includes constructive as well as actual possession, and also joint as well as sole possession.

**14. AIDING AND ABETTING**

The guilt of a Defendant in a criminal case may be proved without evidence that the defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the defendant aids or abets another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had personally engaged in such conduct.

However, before any defendant can be held criminally responsible for the conduct of

others it is necessary that the defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of the crime and even knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the defendant was a wilfull participant and not merely a knowing spectator.

## 15. CARRYING/USING FREARM IN RELATION TO A DRUG TRAFFICKING OFFENSE

Title 18, United States Code, Section 924©(1) makes it a separate Federal crime or offense for anyone to use and/or carry a firearm during and in relation to a drug trafficking crime.

The defendant can be found guilty of that offense as charged in Count 4 of the indictment only if all of the following facts are proved beyond a reasonable doubt:

*First*: That the Defendant committed the drug trafficking offense charged in Counts 1 of the indictment.

*Second*: That during and in relation to the commission of that offense the defendant used and/or carried a firearm as charged; and

*Third*: That the defendant used and/or carried the firearm knowingly.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon or any firearm muffler or firearm silencer.

To "use" a firearm means more than mere possession of a firearm. It must be shown that the defendant actively employed the firearm by brandishing, displaying, bartering, striking with, or firing or attempting to fire the firearm; but it may also include, the mere mention or disclosure of the firearm's presence in a manner intended to intimidate or influence others.

To "carry" a firearm means that the defendant either had a firearm on or around his person *or* transported, conveyed or possessed a firearm in such a way that it was available for immediate use if the defendant so desired.

The phrase "during and in relation to" the commission of an offense means that there must be a connection between the defendant, the firearm, and the drug trafficking crime alleged in Count 1 so that the firearm facilitated the crime by serving some important function or purpose of the criminal activity.

**16. CONTROLLED SUBSTANCESS (POSSESSION WITH INTENT TO DISTRIBUTE)**

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it.

Cocaine is a "controlled substance" within the meaning of the law.

The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

*First*: That the defendant knowingly and willfully possessed cocaine as charged; and

*Second*: that the defendant possessed cocaine with intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

**17. CONTROLLED SUBSTANCESS (CONSPIRACY)**

Title 21, United States Code, Section 846, makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 841(a)(1). Section 841(a)(1) makes it a crime for anyone to knowingly possess cocaine with intent to distribute it.

So, under the law, a "conspiracy" is an agreement or a kind of a "partnership in criminal purposes" in which each member becomes an agent or partner of every other member.

In order to establish a conspiracy offense, it is not necessary for the government to prove that all of the people named in the indictment were members of the scheme, or that those who were members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

*First:* That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment; and

*Second*: That the defendant, knowing the unlawful purpose of the plan, willfully joined in it.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficicient to convict that defendant for conspiracy even though the defendant did not participate before and even though the defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby becomes a conspirator.

## 18. DUTY TO DELIBERATE

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort tp reach an agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## 19. IDENTIFICATION TESTIMONY

In any criminal case the Government must prove, or course, the identity of the defendant as the person who committed the alleged crime.

When a witness points out and identifies a Defendant as the person who committed a crime, you must first decide, as with any other witness, whether that witness is telling the truth. Then, if you believe the witness was truthful, you must still decide how accurate the identification was. Again, I suggest hat you ask yourself a number of questions: Did the witness have an adequate opportunity at the time of the crime to observe the person in question? What length of time did the witness have to observe the person? What were the prevailing conditions at that time in terms of visibility or distance and the like? Had the

witness known or observed the person at earlier times?

After examining all the evidence and testimony in the case, if you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

## 20. NOTETAKING

In this case you have been permitted to take notes during the course of the trial and most of you – perhaps all of you – have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection if the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

## 21. FORFEITURE

In view of your verdict that the Defendant is guilty of the offense charged in Counts _____ of the indictment, you must now decide whether the defendant should forfeit any interest the defendant may have in the property described in Forfeiture Allegation 1 of the Indictment as a penalty for committing said offenses.

"Forfeiture" means to be divested or deprived of the ownership of something as a penalty for the commission of a crime.

In order to be entitled to forfeiture, the Government must prove, by a preponderance of the evidence that:

*First:* The property to be forfeited constitutes, or was derived from, the proceeds the defendant obtained, directly or indirectly, as the result of the commission of the offense alleged in Counts, 1 2, 3, and 4 of the indictment, or

*Second:* The property to be forfeited was used, or was intended to be used, in any manner or part, to commit or to facilitate the commission of, the offense charged in Counts 1, 2, 3, and 4 of the indictment.

Before you can find that the defendant must forfeit any property under either of these two standards, however, you must unanimously agree upon which of the two standards should be applied in forfeiting a particular asset.

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true.

To "facilitate" the commission of an offense means to aid, promote, advance, or make easier, the commission of the act or acts constituting the offense. Property used to facilitate an offense can be in virtually any form, such as the use of an automobile to facilitate the transportation of illegal drugs. You must determine what property, if any, should be forfeited.

While deliberating, you may consider any evidence offered by the parties at any time during the trial. However, you must not re-examine your previous determination regarding the defendant's guilt. All of the instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias, sympathy, and the necessity of a unanimous verdict, will continue to apply during these deliberations.

Respectfully submitted,

_____
Amardo Wesley Pitters, Esquire
Attorney for the Defendant
Alabama State Bar No.: 8989-T64A

OF COUNSEL:

*A. WESLEY PITTERS, P.C.*
1145 South Perry Street (36104)
Post Office Box 1973
Montgomery, Alabama  36102-1973
Telephone: (334) 265-3333
Telecopier: (334) 265-3411
Email: awpitters@pitterslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the _____ day of August, 2006, a copy of the foregoing was duly served upon the following:

Hon. A. Clark Morris
Assistant United States Attorney
Office of the United States Attorney
Criminal Division
Middle District of Alabama
Post Office Box 197
Montgomery, Alabama  36101-0197

via e-file.

_____
Amardo Wesley Pitters, Esquire