IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:06cr64-MHT |
| | ) | [wo] |
| MARQUISE ANTOINE REYNOLDS | ) | |

**ORDER OF DETENTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a detention hearing on January 10, 2008, pursuant to the Government's *Oral Motion for Detention*. Based upon due consideration of all relevant evidence, the court detains Reynolds pending a final revocation hearing by the District Judge.

**Part I -- Findings of Fact**

The evidence presented at the hearing establishes that on December 10, 2007, Reynolds submitted a urine sample which tested positive for marijuana. Further, on December 27, 2007, Reynolds failed to participate in a drug treatment program when he did not report to the inpatient treatment program administered by Chemical Addictions Program of Montgomery, Alabama. The Court finds no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. There is a serious risk that the defendant will not appear.

**Part II - Written Statement of Reasons for Detention**

The testimony before the Court establishes that on December 10, 2007 Reynolds

tested positive for the use of marijuana. Further, on December 27, 2007, Reynolds failed to participate in drug treatment when he failed to appear for the twenty-eight day inpatient treatment program administered by the Chemical Addictions Program of Montgomery, Alabama. Prior to the positive urinalysis test and his failure to report to the Chemical Addictions Program, Reynolds performed poorly while on Probation.

Several times, Reynolds failed to report to the Probation Officer and several times Reynolds failed to report for urinalysis testing. On August 24, 2007, during what was to be his first visit with Reynolds, Probation Officer Chappell did not find Reynolds at home. Officer Chappell left a card at the residence with instructions for Reynolds to call Officer Chappell at the Probation Office. Reynolds did not call Officer Chappell.

On October 26, 2007, Officer Chappell learned that the Lee County District Court issued 3 failure to appear warrants for traffic infractions committed by Reynolds in September, 2007. Reynolds did not report the traffic citations to the Probation Officer. In fact, from August, 2007, the date supervision began, until October 25, 2007, Reynolds did not file monthly reports with Officer Chappell nor did he have any contact with Officer Chappell other than a single telephone call wherein Reynolds left a voice mail for Officer Chappell. The message said Reynolds would attempt to contact Officer Chappell later.

After much effort by Officer Chappell, Reynolds made contact with Officer Chappell on October 30, 2007. Reynolds tested positive for marijuana during the October 30, 2007 visit. Reynolds admitted using marijuana and agreed to modify his probation to serve 5

consecutive weekends in jail. To address his drug abuse, Officer Chappell had Reynolds participate in the color code drug testing system. Several times while on the color code system, Reynolds failed to appear for drug tests.

On November 21, 2007, Officer Chappell paid Reynolds a home visit and obtained another urine sample from Reynolds which tested positive for marijuana. Reynolds admitted he had used marijuana again. As Officer Chappell left the premises, he saw a new car in the yard. Through the windows, Officer Chappell saw an empty cough syrup bottle in the back seat area and a hand rolled cigarette in the console. After Reynolds gave Officer Chappell permission to search the car, Officer Chappell found two empty prescription cough syrup bottles, and a bag containing digital scales. The digital scales had marijuana residue. The hand rolled cigarette contained tobacco. Officer Chappell told Reynolds to report to the Probation Office on November 26, 2007. Reynolds reported as directed and signed a modification of his Probation to include a 6 month term in a halfway house. The color code system directed Reynolds to report the next day for a urine test. Reynolds failed to report for testing.

On December 10, 2007, Reynolds met with Officer Chappell and tested positive for marijuana and morphine. Reynolds told Officer Chappell he likes to drink "lean". Lean is a mixture of cough syrup with a soft drink. To address his more heightened concerns about drug abuse, Officer Chappell had Reynolds report each Monday at 9:00 a.m. for testing.

On December 17, 2007, Reynolds requested drug treatment. Officer Chappell told

Reynolds to report on December 20, 2007 for an assessment and to expect inpatient treatment, if inpatient treatment were necessary, to begin December 27, 2007. Reynolds did not report for his assessment. Officer Chappell rescheduled the assessment on December 26, 2007. After the assessment, the Chemical Addictions staff directed Reynolds to report the next day to begin his inpatient stay. Reynolds failed to report for his inpatient stay. Reynolds did report for his inpatient stay on December 28, 2007, but his space had been given to another client.

The Court finds that means far short of incarceration are ineffective to ensure Reynolds complies with the terms of his probation if he is released pending a final revocation hearing. Delcelia Sellers, the live-in girlfriend of Reynolds, testified that during his probationary period, Reynolds lied to Officer Chappell about work interfering with his ability to come to the Probation Office to provide a urine sample. Reynolds has not been employed in any lawful occupation since November, 2007. From the scales in the car, the Court finds Reynolds is engaged in trafficking narcotics in addition to the abuse of narcotics. Reynolds thus poses a danger to the community if released pending the final revocation hearing.

Reynolds consistently failed to report to Officer Chappell in person or to the Probation Office when required by the color code system. Reynolds whereabouts were essentially unknown to Officer Chappell for long stretches. Reynolds thus poses a severe risk of nonappearance for all future proceedings if he were released pending the final revocation hearing.

After having duly considered all the evidence, the nature and circumstances of the offense charged, the weight of the evidence against the defendant and his history. The Court concludes there are no conditions or combination of conditions for release which will reasonably assure the safety of any other person and the community and which will ensure that he is not a flight risk. Based on the foregoing considerations, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained.

## Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE this 16th day of January, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE